74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 G. Sam HOUSTON, Plaintiff-Appellant,
v.
William P. DEMOULIN, individually, as a lawyer, as a judge
and in his official capacity and as acting under
color of Colorado state law, Defendant-Appellee.
 No. 95-1293.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 LOGAN, Judge
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff G. Sam Houston appeals the dismissal pursuant to 28 U.S.C.1915(d) of his civil rights complaint against a state court judge, William P. Demoulin. We agree with the district court that all of the allegations relate to actions the judge took in his capacity as a judge and must fail, despite the plaintiff's attempt to escape the jurisdictional bar of absolute immunity for a judge. Plaintiff makes somewhat nebulous allegations that the judge was involved in the publicity surrounding the charges against plaintiff. None of the newspaper articles he attaches attribute comments to the judge, and plaintiff plainly overlooks the facts that in all usual circumstances court proceedings are open to the public and documents filed in a court case are accessible to the public, including the press. The district court's Order of Dismissal of June 16, 1995, extensively deals with the allegations of the complaint, and we affirm for substantially the reasons stated therein. In making this ruling we considered the allegations in plaintiff's Motion for Rehearing, Request for Leave to Amend or Correct Deficiencies and Add Defendants filed in the district court. We see nothing there that would change our determination.
 
 
 3
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3